

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-82,875-01 and WR-82,875-02

### In re STATE OF TEXAS ex rel. JOHN F. HEALEY, JR., District Attorney, 268TH JUDICIAL DISTRICT, Relator

### ON MOTION FOR LEAVE TO FILE PETITION FOR WRITS OF MANDAMUS AND/OR PROHIBITION FROM CAUSE NO. 10-DCR-054233 IN THE 268TH DISTRICT COURT, FORT BEND COUNTY

*Per curiam.* **JOHNSON, J.,** *would deny leave to file.* **NEWELL, J.,** *not participating.*

### O R D E R

We have before us a motion for leave to file petitions for writs of mandamus and/or prohibition. We also have before us petitions for writs of mandamus and prohibition.

In May 2011, a jury convicted Albert James Turner (the real party in interest) of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. On October 30, 2013, this Court abated Turner's direct appeal and remanded the

cause to the trial court to determine whether it is feasible to conduct a retrospective competency trial, and if so, to conduct a retrospective competency trial. *Turner v. State,* 422 S.W.3d 676, 696-7 (Tex. Crim. App. 2013). After the trial court determined feasibility and scheduled a retrospective competency trial, the trial court later decided instead to hold a jury trial on Turner's present competency to take place in March 2015. Relator filed a motion to reconsider that decision, which the trial court denied. Relator then filed the instant petitions for mandamus and/or prohibition in this Court.

In an order dated March 4, 2015, this Court stayed the jury trial on present competency and gave the trial court and Turner an opportunity to respond to relator's petition. Turner's response was received in this Court on April 17, 2015. We have not received a response from the trial court.

This Court has determined that this cause should be filed and set and that relator and Turner should brief the following issues:

1. Must a defendant be presently competent in order for a retrospective competency trial to occur?

2. If so, does the trial court have the authority to require a jury to determine the issue of present competency?

The trial court is also invited to brief these issues. The briefs are due in this Court within 45 days of the date of this order.

IT IS SO ORDERED THIS THE 24TH DAY OF JUNE, 2015.

Do Not Publish